IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:10-cr-00070 |
| vs. | ) | |
| | ) | |
| Dustin Morsette, a/k/a Dusty James Morsette, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE RE:**
**GANG MEMBERSHIP AND UNCHARGED ALLEGATIONS OF SEXUAL ABUSE**

Dustin Morsette ("Morsette"), by and through his attorney, files this *Motion in Limine re: Gangs and Uncharged Allegations of Sexual Abuse* requesting that this Court exclude any reference to gang membership and uncharged allegations of sexual abuse under Fed. R. Evid. 401, 402, and/or 403.

The government may attempt to introduce evidence of gang membership in relation to certain uncharged allegations of sexual abuse. Any and all references to gang membership and uncharged allegations of sexual abuse must be excluded under Rules 401 and 402, Fed. R. Evid., as irrelevant.

Evidence is relevant if:

(a)  it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b)  the fact is of consequence in determining the action.

Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Evidence that is relevant must still pass Rule 403 muster in order to be admissible. Under Rule 403, Fed. R. Evid., "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Any and all references to gang affiliations should be excluded under Fed. R. Evid. 401 and 402, as they are wholly irrelevant to the issues in this trial. Furthermore, even if there could be some scintilla of probative value to such evidence, it would be far outweighed by the unfair prejudice that such references would endanger. See U.S. v. Street, 548 F.3d 618, 633 (8th Cir. 2008) (holding that the district court abused its discretion by allowing detective to testify extensively about gangs, gang history, and a particular gang, during defendant's prosecution for aiding and abetting murder in furtherance of drug trafficking offense.).

In conducting a Rule 403 balancing, the court should measure the probative value of the proffered evidence against the dearth of evidence the government has to support the charges against Morsette. Other than unsupported allegations by the alleged victims and accusations by co-defendants, the government apparently has no other proof in support of its case and attempts to use the alleged gang membership and uncharged allegations of sexual abuse to inflame the jury against Morsette.

Use of any allegations of gang membership and uncharged allegations of sexual abuse will paint Morsette as a gang leader who used sex as a method of initiation. Given the extremely negative public sentiment towards gangs and sexual abuse, there is an unacceptable danger that the jury's emotion will be inflamed, and they will convict him based on emotion alone. See United

States v. Easter, 66 F.3d 1018, 1021 (9th Cir. 1995), cert. denied, 516 U.S. 1002 (1995) (the Ninth Circuit noting that there are "valid[] concerns that simply referring to a defendant as a gang member can cause prejudice in some jurors.") Whatever Rule 414 and 404(b) may contemplate, Morsette should not be subjected to a risk of being convicted of very serious crimes primarily on the basis of unsubstantiated allegations of gang membership and uncharged sexual abuse.  Where the government's case regarding the charged conduct is significantly weak, this risk becomes very real.

Adding this allegation will also confuse the jury and unduly complicate this trial.  There will have to be a "mini-trials" independent of the charged crimes.  Furthermore, as described above, there are numerous allegations by other alleged victims that other people were sexually abused by other alleged gang members other than Morsette.  These numerous allegations indicate the possibility that these various alleged victims were indeed subjected to abuse - but not by Morsette.  This starkly emphasizes the questionable reliability of the allegations against Morsette.  Cf. United States v. McCollum, 732 F.2d 1419, 1424-25 (9th Cir. 1984) (noting that Rule 403 will preclude the admission of other acts evidence when there exists a genuinely disputed question concerning the identity of the person who committed the charged acts and when there is substantial dispute as to whether the evidence charged as a crime occurred at all.)

In light of the shaky basis for the gang membership and the uncharged allegations of sexual abuse, together with the lack of evidence supporting the charged acts, the prejudicial effect can only be described as overwhelming.  The government seeks to convict Morsette on the basis of his alleged predispositions when they have a significant lack of proof he committed the charged offenses. Fairness requires that the court exercise its authority to exclude this distracting and inflammatory evidence.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court GRANT this Motion and exclude from evidence any reference to gang membership and uncharged allegations of sexual abuse.

Dated this 23rd day of March, 2012.

                                          **BORMANN, MYERCHIN,**
                                          **MONASKY & ESPESETH, LLP**
                                          Attorneys for Defendant Dustin Morsette
                                          418 East Broadway Avenue, Suite 240
                                          P.O. Box 995
                                          Bismarck, ND 58502-0995
                                          Phone: 701-250-8968
                                          E-mail: pmyerchin@bmmelaw.com


                                        By:   /s/ Paul H. Myerchin
                                                Paul H. Myerchin (#05412)

## CERTIFICATE OF SERVICE

    I hereby certify that on March 23, 2012, the **MOTION IN LIMINE RE: GANG MEMBERSHIP AND UNCHARGED ALLEGATIONS OF SEXUAL ABUSE** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

    Rick L. Volk
    U.S. Attorney's Office
    220 Rosser Avenue
    P.O. Box 699
    Bismarck, ND 58502-0699
    rick.volk@usdoj.gov

    /s/ Paul H. Myerchin
    Paul H. Myerchin (ND ID #05412)