IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Case No.: 4:10-cr-00070 |
| vs. ) | |
| ) | |
| Dustin Morsette, a/k/a Dusty James Morsette, ) | |
| ) | |
| Defendant. ) | |

## MOTION IN LIMINE RE:
## DR. KIMBERLY KROHN'S TESTIMONY

Dustin Morsette ("Morsette") by and through his attorney, files this *Motion in Limine re: Dr. Kimberly Krohn's Testimony* requesting that this Court exclude Dr. Krohn's testimony under Fed. R. Evid. 401 and 402, or, in the alternative, exclude certain testimony of Dr. Kimberly Krohn wherein she opines the alleged sexual abuse could have happened despite the complete lack of physical evidence under Rules 702, 403, and 608, Fed. R. Evid.

Dr. Kimberly Krohn ("Dr. Krohn") conducted forensic interviews of two alleged victims nearly one year after the alleged sexual abuse occurred. Her testimony must be excluded under Rule 401, Fed. R. Evid., as irrelevant.

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

In this case, Dr. Krohn did not examine the alleged victims until well after the alleged sexual abuse. Because of the length of time between the alleged abuse and the examination (nearly a year), Dr. Krohn was unable to determine whether or not the alleged victims had been sexually abused. Dr. Krohn's testimony would therefore not make a fact more or less probable than without her testimony. Dr. Krohn's testimony has no relevant value and must therefore be excluded under Rule 401 and 402.

In the alternative, Dr. Krohn's opinion testimony regarding whether or not the sexual abuse occurred must be excluded under Rules 702, 403, and 608, Fed. R. Evid.

After completing the physical examinations of the alleged victims, Dr. Krohn could not determine that the alleged sexual abuse had occurred; everything appeared normal. Regardless, Dr. Krohn will likely testify that even though no physical evidence of the alleged sexual abuse existed, they *could* have occurred.

Dr. Krohn's opinion testimony does not meet the expert opinion standard as delineated under Rule 702, Fed. R. Evid. Rule 702 requires each of the following in order for an "expert" to give opinion testimony:

- (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
- (b) the testimony is based on sufficient facts or data;
- (c) the testimony is the product of reliable principles and methods; and
- (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

None of the above requirements are met. Dr. Krohn's knowledge will not help the trier of fact to understand the evidence or to determine a fact in issue, because she has no evidentiary basis to give an opinion as to whether or not sexual abuse occurred nearly a year prior to her forensic examinations. Her testimony will not be based upon sufficient facts or data, nor will it be the product of reliable principles and methods; it will be based upon nothing more than speculation. Finally, Dr. Krohn's testimony regarding whether or not the alleged sexual abuse occurred would not be the result of the reasonable application of principles and methods to the facts of this case. Again, Dr. Krohn made no positive finding of sexual abuse based upon her physical examination done nearly one year after the alleged sexual abuse occurred. Dr. Krohn's opinion testimony therefore does not meet Rule 702's strict standard and should be precluded from evidence.

In addition to failing the 702 standard, Dr. Krohn's opinion testimony must be excluded under Rule 403, Fed. R. Evid. Under Rule 403, Fed. R. Evid., "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

An opinion from an "expert", which is not based upon any positive finding of sexual abuse and where the physical examination took place nearly one year after the alleged incidents, is not probative. The opinion testimony therefore poses the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, which substantially outweighs any alleged probative value of the testimony. Dr. Krohn's opinion testimony must therefore be excluded under Rule 403.

As a final note, Dr. Krohn's opinion testimony is nothing more than an attempt to improperly bolster the credibility of the government's witnesses, which is strictly prohibited by Rule 608(a), Fed. R. Evid., or, alternatively, to introduce hearsay evidence if the alleged victims do not testify at trial.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court GRANT this Motion and exclude from evidence Dr. Krohn's testimony in its entirety, or, in the alternative, exclude Dr. Krohn's opinion testimony regarding whether or not the alleged sexual abuse occurred.

Dated this 23rd day of March, 2012.

        **BORMANN, MYERCHIN,**
        **MONASKY & ESPESETH, LLP**
        Attorneys for Defendant Dustin Morsette
        418 East Broadway Avenue, Suite 240
        P.O. Box 995
        Bismarck, ND 58502-0995
        Phone: 701-250-8968
        E-mail: pmyerchin@bmmelaw.com


        By: /s/ Paul H. Myerchin
            Paul H. Myerchin (#05412)

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 23, 2012, the **MOTION IN LIMINE RE: DR. KIMBERLY KROHN'S TESTIMONY** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Rick L. Volk
U.S. Attorney's Office
220 Rosser Avenue
P.O. Box 699
Bismarck, ND 58502-0699
rick.volk@usdoj.gov

                                    /s/ Paul H. Myerchin
                                    Paul H. Myerchin (ND ID #05412)