IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:10-cr-070-02 |
| | ) | |
| -vs- | ) | UNITED STATES' RESPONSE TO |
| | ) | DEFENDANT'S MOTION IN LIMINE |
| DUSTIN MORSETTE, | ) | REGARDING GANG EVIDENCE |
| a/k/a DUSTY JAMES MORSETTE, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America by and through its attorney, Timothy Q. Purdon,

United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United

States Attorney, hereby submits the following response to the Defendant's Motion in

Limine wherein he requests an order prohibiting introduction of any evidence of gang

membership and uncharged allegations of sexual abuse.  The United States resists this

motion.  The gang evidence the United States intends to introduce is substantive evidence of

the crimes charged and is not being presented to merely establish the Defendant's

association with criminals.

Evidence of gang affiliation is not admissible where it is meant merely to prejudice

the defendant or prove his guilt by association with unsavory characters.  United States v.

Dale, 614 F.3d 942, 960 (8th Cir. 2010).  However, evidence relevant to a disputed issue is

not inadmissible merely because it relates to a gang or gang activity.  United States v.

Ellison, 616 F.3d 829, 833 (8th Cir. 2010).  Specific and circumscribed evidence of gang

association may be necessary in a trial to show the nature and extent of the defendants'

association, in which turn bears on whether they conspired.  United States v. Johnson, 28

F.3d 1487, 1497 (8th Cir. 1994).

In this case, the Defendant has pleaded not guilty, thereby placing each and every element of the crimes with which he is charged in dispute.  One of the crimes charged is a conspiracy.  As part of this charge, the United States is required to prove the Defendant came to an "agreement" to distribute or possess with intent to distribute marijuana.  In so doing, the United States intends to introduce evidence that the Defendant solicited multiple persons to become members of his gang, the Black Disciples, and further instructed those persons on the manner of initiation, rules of membership, and activities they would be required to engage in as a member of the gang.  These are statements of the Defendant himself, not evidence of others' actions or words.  These statements of the Defendant are substantive evidence of the agreement between the Defendant and others.

Further, the United States expects witnesses to testify that one of the rules of initiation and/or membership was that female members were required to engage in sexual acts with the Defendant or others he directed them to.  The United States does not intend to present evidence that any witness engaged in sexual acts with anyone other than Morsette, except for the commercial sex acts engaged in by A.R. as alleged in Count 21 and commercial sex acts by Francene Azure as directed by the Defendant.  Evidence of a defendant's association with a group where the association establishes motive or opportunity to commit the crime is admissible.  See United States v. Looking Cloud, 419 F.3d 781, 786 (8th Cir. 2005).  Where a group plays a role in the crime the defendant is charged with, evidence of the nature and extent of the defendant's association with that group may be necessary.  Id.

Evidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning.  Id. At 785.  With respect to gang evidence, an improper basis would include to prove guilt merely by association with unsavory characters.  Dale, 614 F.3d at 960.  However, where evidence links a defendant to a gang but does not encourage the jury to base its verdict on guilt by association, the gang evidence is admissible.  Looking Cloud, 419 F.3d at 786.

In Looking Cloud, the government's theory of the case was that the victim's murder was organized and executed by the American Indian Movement, and it set out to prove that the defendant received orders from decision-makers within the Movement to kill the victim because she betrayed the Movement by becoming an informant.  Id. at 785-86.  The government offered two distinct types of evidence: (1) evidence that witnesses or the people discussed by the witnesses were members of the Movement and knew each other through that organization, and (2) evidence of the violent activities in which the Movement was involved.  With respect to the first set of evidence, the Eighth Circuit Court of Appeals, in affirming the district court's admission of such evidence, stated:

> "The murder of Aquash could only be explained within the context of the American Indian Movement and its activities. Aquash and Looking Cloud were both members, as was virtually every person who came into contact with Aquash before her death. Aquash was moved through a network of American Indian Movement members from Denver to Rapid City to Rosebud before she was killed. The evidence showed how the members' preoccupation with Aquash escalated until her death. The government introduced evidence that influential members of the Movement had concluded that Aquash was an informant, and that the Movement delegated the task of killing her to Looking Cloud, Clark, and Graham. Evidence of how those who surrounded Aquash in the last months of her life were intimately involved with the Movement tended to make the government's theory—that the Movement orchestrated Aquash's murder—more probable. Proof of Looking Cloud's involvement in the Movement was crucial to explain why he would have killed Aquash.

There was a low risk that, from evidence of mere membership in the Movement, the jury would associate violent activity with Looking Cloud. The evidence linked Looking Cloud to the American Indian Movement, but it did not encourage the jury to find him guilty because of his association with the Movement."

Id. at 786.

The same is true with respect to the gang membership evidence the United States intends to present with respect to the Defendant in this case. The Defendant's gang membership and his instruction on the rules with respect thereto explain why he would be engaging in sexual acts with the various victims.

Based upon the foregoing, the United States respectfully requests this Court deny the Defendant's motion in limine.

Dated this 26th day of March, 2012.

TIMOTHY Q. PURDON
United States Attorney


By:     */s/ Rick L. Volk*
        RICK L. VOLK
        Assistant United States Attorney
        P. O. Box 699
        Bismarck, ND  58502-0699
        (701) 530-2420
        N.D. Bar Board ID No. 04913
        Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  4:10-cr-070-02 |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| -vs- | ) | |
| | ) | |
| DUSTIN MORSETTE, | ) | |
| a/k/a DUSTY JAMES MORSETTE, | ) | |
| | ) | |
| Defendant. | ) | |

I hereby certify that on March 26, 2012, the following documents:

United States' Response to Defendant's Motion in Limine Re: Gang Membership and Uncharged Allegations of Sexual Abuse;

Certificate of Service

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Paul H. Myerchin: pmyerchin@bmmelaw.com

I further certify that a copy of the foregoing documents and the Notice of Electronic Filing will be mailed by first class mail, postage paid, to the following non-ECF participants:

Dated: March 26, 2012

/s/ Rick L. Volk
Rick L. Volk
Assistant United States Attorney