IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 4:10-cr-070-02 |
| ) | |
| -vs- ) | UNITED STATES' RESPONSE TO |
| ) | DEFENDANT'S MOTION IN LIMINE RE: |
| DUSTIN MORSETTE, ) | DR. KIMBERLY KROHN'S TESTIMONY |
| a/k/a DUSTY JAMES MORSETTE, ) | |
| ) | |
| Defendant. ) | |

The United States of America by and through its attorney, Timothy Q. Purdon, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, hereby submits the following response to the Defendant's Motion in Limine wherein he requests an order prohibiting the government from introducing testimony by Dr. Kimberly Krohn that two victims (P.D. and S.H.) she examined had no physical injury to their genitalia and her opinion that those findings do not rule out prior digital or penile penetration of their vulvas and are yet consistent with a history of sexual abuse. The United States resists this motion as the proffered testimony is admissible.

In United States v. Kirkie, 261 F.3d 761, 765 (8th Cir. 2001), the defendant made a similar argument. The Eighth Circuit Court of Appeals, in affirming the district court's admission of a physician's testimony, noted that Rule 702, F.R.Evid., permits a district court to allow the testimony of a witness whose knowledge, skill, training, experience or education will assist a trier of fact in understanding the evidence or to determine a fact in issue. Id. In the context of child sexual abuse cases, a qualified expert can inform the

jury of characteristics in sexually abused children and describe the characteristics. Id. While a physician may testify as to whether the medical evidence is consistent with the victim's allegations of sexual abuse, a physician may not opine as to whether the alleged abuse actually occurred or whether the victim is telling the truth. Id. at 766.

In Kirkie, the physician was permitted to testify that he made no physical findings of sexual abuse, but that this finding does not necessarily preclude the possibility that the abuse actually occurred. Id. The Court noted that while such a statement, if accepted by the jury, would serve to circumstantially support a determination that the victim's allegations were truthful, such a circumstantial inference is not tantamount to "vouching" for the victim's truthfulness. Id. The Court noted that the physician simply provided testimony regarding the characteristics of sexually abused children in general and as they compared with the characteristics exhibited by the victim in that case. Id.

The Eighth Circuit Court of Appeals has held in other cases that it is not an abuse of discretion to allow an expert witness to testify as to a lack of physical evidence as long as the expert's opinion does not usurp the jury's role of assessing whether the event occasioning the evidence actually occurred. United States v. Conroy, 424 F.3d 833, 839 (8th Cir. 2005). Such testimony assists the jury in understanding the evidence or lack of it. Id. It is thus probative of a fact at issue.

In this case, prohibiting the government from introducing such testimony will permit the Defendant to stand before the jury and argue there is no physical evidence of any sexual abuse. The government is entitled to explain to the jury, through its expert

witness, why there is no physical evidence of sexual abuse. Dr. Krohn's testimony will aid the jury in understanding why there is no physical evidence of sexual abuse.

Based on the foregoing, the United States requests this Court deny the Defendant's motion in limine.

Dated this 26th day of March, 2012.

          TIMOTHY Q. PURDON
          United States Attorney


     By: */s/ Rick L. Volk*
        RICK L. VOLK
        Assistant United States Attorney
        P. O. Box 699
        Bismarck, ND  58502-0699
        (701) 530-2420
        N.D. Bar Board ID No. 04913
        Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 4:10-cr-070-02 |
| Plaintiff, | ) |
| | ) CERTIFICATE OF SERVICE |
| -vs- | ) |
| | ) |
| DUSTIN MORSETTE, | ) |
| a/k/a DUSTY JAMES MORSETTE, | ) |
| | ) |
| Defendant. | ) |

I hereby certify that on March 26, 2012, the following documents:

United States' Response to Defendant's Motion in Limine Re: Dr. Kimberly Krohn's Testimony

Certificate of Service

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Paul H. Myerchin: pmyerchin@bmmelaw.com

I further certify that a copy of the foregoing documents and the Notice of Electronic Filing will be mailed by first class mail, postage paid, to the following non-ECF participants:


Dated: March 26, 2012         /s/ Rick L. Volk
                              Rick L. Volk
                              Assistant United States Attorney