UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10-cr-00070 |
| | ) | |
| Dustin Morsette, a/k/a | ) | |
| Dusty James Morsette, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL**

Dustin Morsette (Dustin), by and through his legal counsel, Paul H. Myerchin, files this reply to the Government's Response to Defendant's Motion for Acquittal and New Trial because the Government has misinterpreted a number of Dustin's arguments in his original motion filed April 24, 2012.

First, the Government claims that Dustin has only moved for an acquittal on certain counts. *United States' Response Brief*, pp. 1-2. The Government's claim is incorrect. Dustin has moved for an acquittal under Rule 29 on <u>all</u> the counts against him. Specifically, in Dustin's original motion, he again renewed the Rule 29 Motion for Acquittal that he had made at trial. See, *Defendant's Memorandum in Support of Motion for Judgment Acquittal and New Trial*, p. 2, ¶1. Dustin's arguments that referenced certain counts of the Fourth Superseding Indictment were simply arguments where the judgment for acquittal is most deserving.

Regarding Dustin's Motion for a New Trial, Dustin asserts that there was an overall manifest injustice done at trial and thus the reason why the verdict should be set aside and a new

trial granted.  The accusations against Dustin are nothing more than concocted stories by troubled teens.  The Government's argument is a fallacy that the explanations given by these troubled teens to explain their numerous inconsistencies are logical explanations.  *United States' Response Brief*, p. 3.  Dustin relies on the Court's own commonsense to see through these explanations and the claims made by these troubled teens that do not meet the Government's burden here of "proof beyond a reasonable doubt".

First, with R.U., the Government would have this Court believe that a young lady that shows up in Court in a black, spaghetti strap tank top and a big, flashy "Barbie" necklace hanging around her neck, is an endearing child who is concerned about the feelings of her mother.  The Government would have this Court believe that R.U. was attempting to protect her mother's feelings and to shield her mother from harm and embarrassment.  R.U.'s explanation is nothing more than fantasy.  It is an explanation cut from whole cloth.  The jury failed to follow the appropriate impeachment instruction.  <u>See</u>, *Final Instructions,* F-49.  The Government did not meet its burden of proof beyond a reasonable doubt in the counts concerning R.U..  It would be a manifest injustice for this verdict to continue to stand.  Dustin respectfully requests that the Court grant him a new trial.

Regarding P.D., Dustin again reasserts the arguments he previously made that Count V is a multiplicitous count.  <u>See</u>, *Memorandum in Support to Consolidate Counts Due to Multiplicity*, pp. 3-4.  This count essentially alleges that P.D. was too intoxicated or incapacitated to give consent to sexual intercourse, yet, due to her age, the consent of P.D. is irrelevant.  The jury should not have found Dustin guilty of both Count V and Count VI.  This Court must set aside one of the verdicts concerning the counts of P.D..

Another misinterpreted or inappropriate argument utilized by the Government throughout its response brief is essentially that "many of the victims and/or witnesses" or "multiple witnesses" came forth and gave similar accounts should convince this Court that there was no manifest injustice here.  See, *United States' Response Brief*, pp. 12, 13 and 16.  However, this argument either misstates or ignores the law and the jury instructions concerning the manner in which the evidence is to be considered against Dustin.  See, *Final Instructions*, F-3.  The jury instructions indicated to the jury that they are to consider each count as a separate and distinct entity and to not use guilt or innocence from one count to determine guilt or innocence on another count.  This was, in part, the reason that Dustin made his motion for severance in the first place–to avoid the jury engaging in such a boot-strapping or spill-over exercise.  Notwithstanding, not only does it appear that the jury considered the cumulative effect of all these counts against Dustin, but the Government is actually utilizing such an argument to justify denying Dustin a new trial.  Such an argument by the Government is entirely inappropriate, and since the Government has made such an argument, this should justify for the Court the sole basis for providing Dustin a new trial.

Regarding the prostitution count concerning A.R., the Government again wants this Court to buy into the fantasy claims of A.R. and to have the Government be held to a lower burden of proof than what is required.  Here, the Government would have this Court ignore the jury instruction that indicates that the alleged threats, coercion or force against A.R. are ones that a reasonable person also would not be able to withstand.  See, *Final Instruction*, F-39.  Rather, here, in the course of trial, the evidence is entirely contrary to that.  The evidence was A.R. *had every opportunity*, if these allegations of threats, coercion and force by Dustin were truly

occurring, to get away from Dustin and report them to law enforcement.  A.R. testified she only saw Dustin approximately every seven to ten days.  In the meantime, A.R. lived with her parents, 25 to 30 to thirty miles away from Dustin.  Additionally, A.R. and her parents lived across the street from the county sheriff in Stanley, North Dakota.  These facts alone are enough that (no matter what the alleged threats, coercion or force Dustin allegedly could have made) a reasonable person would not have engaged in prostitution.   A.R. had every opportunity to not engage in prostitution and prevent the prostitution from occurring, if she would have wanted to.  Rather, the facts show that A.R. engaged in this prostitution voluntarily with Francene Azure of her own free accord.  She had every opportunity to stop or end any prostitution and she chose not to do so, likely because she had drug addiction similar to that of Azure.  If A.R. did engage in the prostitution due to Dustin's alleged threats, then she is not a reasonable person and the jury failed to follow the appropriate jury instruction here.  See, *Final Instruction*, F-39.  This Court must set aside the verdict for Count XXI and/or provide for a new trial on this count.  For the Government to argue otherwise is wholly inappropriate.

In summary, Dustin prays that this Court grant him an acquittal on the counts in the Fourth Superseding Indictment and/or a new trial to prevent a manifest of injustice here.

Dated this 9th  day of May, 2012.

> BORMANN, MYERCHIN, MONASKY & ESPESETH, LLP
> Attorneys for the Defendant
> 418 East Broadway Avenue, Suite 240
> P.O. Box 995
> Bismarck, ND 58502-0995
> Phone: 701-250-8968
> E-mail: pmyerchin@bmmelaw.com
>
> By:    /s/ Paul H. Myerchin
>         Paul H. Myerchin (#05412)

## CERTIFICATE OF SERVICE

  I hereby certify that on May 9, 2012, the **REPLY TO UNITED STATES' RESPONSE TO MOTION FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Rick L. Volk
Assistant U.S. Attorney
*rick.volk@usdoj.gov*

                /s/ Paul H. Myerchin
                Paul H. Myerchin (ID #05412)