AO 245B (Rev. 6/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of North Dakota

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: <u>4:10-CR-070-02</u> |
| **DUSTIN MORSETTE**<br>aka Dusty James Morsette | USM Number: 10680-059 |
| | <u>Paul H. Myerchin</u><br>Defendant's Attorney |

**THE DEFENDANT:**

[ ]   pleaded guilty to count(s): ___.
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[✔]   was found guilty by the jury on counts <u>1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 14, 16, 17, 18, 19, 20, and 21 of the Fourth Superseding Indictment</u> after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| **Title & Section** | **Nature of Offense** | **Date Offense Concluded** | **Count Number(s)** |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Count <u>15 of the Fourth Superseding Indictment</u> is dismissed on Rule 29 motion by the Defendant.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

August 13, 2012
Date of Imposition of Judgment

_____
Signature of Judicial Officer

**DANIEL L. HOVLAND**, United States District Judge
Name & Title of Judicial Officer

*August 14, 2012*
Date

AO 245B (Rev. 3/04) Sheet 1 - Judgment in a Criminal Case

CASE NUMBER:      4:10-CR-070-02  
DEFENDANT:        DUSTIN MORSETTE  
aka Dusty James Morsette

Judgment - Page 2 of 7

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §§ 2241(a)(1), 2241(c), and 1153 | Aggravated Sexual Abuse | March 2010 | 1 |
| 18 USC §§ 2243(a) and 1153 | Sexual Abuse of a Minor | March 2010 | 2-4 |
| 18 USC §§ 2242(2)(B) and 1153 | Sexual Abuse | March 2010 | 5 |
| 18 USC §§ 2243(a) and 1153 | Sexual Abuse of a Minor | March 2010 | 6 |
| 18 USC §§ 2242(1) and 1153 | Sexual Abuse | March 2010 | 7 |
| 18 USC §§ 2243(a) and 1153 | Sexual Abuse of a Minor | March 2010 | 8 |
| 18 USC §§ 2241(a)(1) and 1153 | Aggravated Sexual Abuse by Force | April 2010 | 12-13 |
| 18 USC §§ 2243(a) and 1153 | Sexual Abuse of a Minor | 2008 | 14 |
| 18 USC §§ 2243(a) and 1153 | Attempted Sexual Abuse of a Minor | September 2008 | 15 |
| 21 USC §§ 841(b)(1)(D), 841(a)(1), and 846 | Conspiracy to Possess With Intent to Distribute and Distribute Marijuana | June 2010 | 16 |
| 21 USC §§ 861(a)(1), 861(b), and 18 USC § 2 | Employment or Use of Person Under 18 Years of Age in Drug Operations; Aiding and Abetting | June 2010 | 17-19 |
| 18 USC §§ 1512(b)(1) & 1512(b)(3), and 2 | Tampering with a Witness Aiding and Abetting | January 2011 | 20 |
| 18 USC §§ 1591(a) and 1591(b)(1), and 1152 | Sex Trafficking by Force or Coercion | April 2010 | 21 |

AO 245B (Rev. 3/04) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 4:10-CR-070-02 | Judgment - Page 3 of 7 |
| DEFENDANT: | DUSTIN MORSETTE | |
| aka Dusty James Morsette | | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **540 MONTHS on Count 1; 180 MONTHS on Counts 2, 3, 4, 6, 8, 13, and 14; 360 MONTHS on Counts 5, 7, 12, and 21; 60 MONTHS on Count 16; 120 MONTHS on Counts 17, 18, and 19; 240 MONTHS on Count 20, to run concurrent.**

[✔] The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the Defendant be placed at FCI Oxford in Wisconsin.

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: 4:10-CR-070-02 | Judgment - Page 4 of 7 |
| DEFENDANT: DUSTIN MORSETTE | |
| aka Dusty James Morsette | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE on Counts 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 14, and 21; 24 MONTHS on Counts 16, 17, 18, 19, and 20, to run concurrent** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004. These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER: 4:10-CR-070-02 Judgment - Page 5 of 7
DEFENDANT: DUSTIN MORSETTE
aka Dusty James Morsette

## SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall participate in a program aimed at addressing specific interpersonal or social areas, for example, domestic violence, anger management, marital counseling, financial counseling, cognitive skills, and parenting.

2. The Defendant shall participate in psychological/psychiatric counseling and/or a sex offender program, which may include inpatient treatment as approved by the probation officer. The Defendant shall abide by all rules, requirements and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraphs, and Abel testing, and shall take all prescribed medication.

3. The Defendant shall grant a limited waiver of his right of confidentiality in any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer to monitor the defendant's progress.

4. The probation officer shall disclose the Presentence Report, and/or any previous sex offender or mental health evaluations to the treatment provider.

5. The Defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

6. The Defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide the state officials with any and all information required by the state sex offender registration agency and may direct the defendant to report to that agency personally for additional processing.

7. The Defendant shall submit to drug/alcohol screening at the direction of the U.S. Probation Officer to verify compliance. Failure or refusal to submit to testing can result in mandatory revocation. Tampering with the collection process or specimen may be considered the same as a positive test result.

8. The Defendant shall totally abstain from the use of alcohol and illegal drugs or the possession of a controlled substance, as defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner. The Defendant shall totally abstain from any use of inhalants.

9. As directed by the Court, if during the period of supervised release the supervising probation officer determines the Defendant is in need of placement in a Residential Re-Entry Center (RRC), the Defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer. See United States v. Kent, 209 F.3d 1073 (8th Cir. 2000).

10. The Defendant is prohibited from having direct or indirect contact with all the victims in this case.

11. The Defendant shall be subject to electronic monitoring, GPS monitoring, or any other form of sophisticated monitoring being utilized in civilized society by federal probation officers at the time the Defendant is released from federal custody.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   _____
 Defendant                                                    Date

_____   _____
U.S. Probation Officer/Designated Witness                    Date

AO 245 S (Rev. 06/07) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER: 4:10-CR-070-02 Judgment - Page 6 of 7
DEFENDANT: DUSTIN MORSETTE
aka Dusty James Morsette

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B. The special assessment shall be due immediately and payable to the Clerk, U.S. District Court.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 1700.00 | $ 0.00 | $ 0.00 |

[ ] If applicable, restitution amount ordered pursuant to plea agreement .......... $____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ] The interest requirement is waived.

   [ ] The interest requirement is modified as follows:

# RESTITUTION

[✔] The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ] The court modifies or waives interest on restitution as follows:

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee & Address | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
|  | TOTALS: | $ ____ | $____ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 06/07) Sheet 5, Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: 4:10-CR-070-02 | Judgment - Page 7 of 7 |
| DEFENDANT: DUSTIN MORSETTE | |
| aka Dusty James Morsette | |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   [✔]   in full immediately.

B   [ ]   $ _ immediately, balance due (in accordance with C, D, or E); or

C   [ ]   not later than _ ; or

D   [ ]   in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   [ ]   in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

    [ ]   The defendant shall pay the cost of prosecution.

    [ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.